CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 1 2019

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **CHAD EVERETT BOWMAN.,** | ) | **CASE NO. 7:19CV00356** |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **WARDEN PENTURI, ET AL.,** | ) | **By: Hon. Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

Chad Everett Bowman, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, claiming that prison officials were deliberately indifferent to a hazardous condition and failed to provide adequate medical treatment for pain caused by spina bifida. After review of the record, the court concludes that this civil action is appropriately dismissed without prejudice for failure to state a claim.

### I.

Bowman is confined at Pocahontas Correctional Center ("PCC"), a prison facility operated by the Virginia Department of Corrections ("VDOC"). He alleges that on or about May 7, 2018, three correctional officers were discussing an informal complaint Bowman had filed about being denied drinking water while in "the rec-yard." Compl. 3, ECF No. 1. Speaking so that other inmates could hear them, these officers called Bowman "a snitch, a li[a]r and a fag." Id. Bowman asserts that inmates who are so labeled are put in danger of being beaten, robbed, raped, or even killed by other inmates. Bowman alleges that because of the officers' actions, he has suffered emotional distress and sought mental health treatment.

Bowman also alleges that he has had spina bifida since birth and suffers from nerve damage and other complications of this condition. For over ten years before his incarceration, Bowman had taken the prescription medications "Neurotin" and "Wellbutren" to relieve the pain from the disease. Id. at 4. When he entered the VDOC, "the medical staff and doctors that are staffed in the prisons by the DOC, stopped [Bowman's] medications and have not as of the time of this complaint prescribed [him] with any other type of medications" for his symptoms. Id. at 4. Bowman states that he "suffers with severe pain every day." Id.

Bowman filed his § 1983 complaint in May 2019. The only defendants Bowman identifies are the PCC warden, Dr. Mullins, and Carol Yates. He is seeking monetary damages of $100,000.

## II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines that the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Bowman's complaint does not state a plausible claim against the defendants he has identified. Bowman does not explain who Carol Yates is, nor does he describe any action that Yates, the warden, or the doctor has taken, personally, that violated Bowman's rights or harmed

him in any way. Bowman apparently seeks to hold the warden vicariously liable for the actions of his subordinates at PCC. Vicarious liability for supervisory officials, also known as respondeat superior, does not apply in § 1983 cases, however. See, e.g., Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights"). Moreover, the warden and other nonmedical personnel at PCC could rightly rely on the medical expertise of Bowman's treating physician at PCC to determine the appropriate course of medical care for his spina bifida pain and other complications. See Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995) (citation omitted).

Only "[d]eliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). Thus, Bowman cannot state a § 1983 claim against the doctor or any other medical staff member without explaining in the complaint when and how each individual knew of Bowman's medical needs and what actions each of them took or failed to take in response to those needs. Bowman's complaint does not provide any information about how or when his defendants interacted with him, when and what they learned about his medical needs, or how they, personally, caused violations of his constitutional rights. Thus, Bowman has not stated any actionable § 1983 claim against them.[1] Vinnedge, 550 F.2d at 928.

For the stated reasons, the court concludes that Bowman's submissions do not state any claim upon which relief could be granted against the defendants he has sued. Therefore, the

---

[1] Bowman's complaint is also inconsistent with the Federal Rules of Civil Procedure governing joinder of claims in one lawsuit. See Fed. R. Civ. P. 18, 20. His claims that officers' comments put him in danger are totally unrelated to his claims about his medical care and concern separate sets of people. Thus, if Bowman chooses to refile his two claims, he must raise them in two separate lawsuits and provide specific details about actions each defendant took in violation of his rights and when and where. Bowman is also advised that a civil complaint itself must state his claims and the facts supporting his claims. See Fed. R. Civ. P. 8, 10. He cannot expect the defendants to comb through attached exhibits to build the sequence of relevant facts, as he has done here.

court will summarily dismiss the action without prejudice under § 1915A(b)(1). An appropriate order will enter this day. Such a dismissal leaves Bowman free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this opinion and subject to the applicable statute of limitations.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 21st day of June, 2019.

_____
Senior United States District Judge